ROSALIE K. SPENCER AND LEE K. CARR, SURVIVING TRUSTEES UNDER THE WILL OF JAY FRANK PARMLY, DECEASED, PLAINTIFFS, v. GERTRUDE FRANCES PARMLY AND THE HONORABLE THEODORE D. PARSONS, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 30, 1952.

*Mr. Stanley L. Gedney, Jr.,* attorney for plaintiffs.

STEIN, J. S. C.   This is a suit for instructions by the surviving trustees under the last will and testament of Jay Frank Parmly who died January 20, 1950 and whose will *inter alia* provides as follows:

"ELEVENTH: I nominate, constitute and appoint ROSALIE K. SPENCER and LEE K. CARR, both of Philadelphia, Pennsylvania, and J. MACY KIPP, of South Orange, New Jersey, as and to be the executors of this Will and trustees of the trust herein created, and direct that no bond or other security be required of them for the faithful performance of the duties of either office, in any jurisdiction.

Each trustee, whether original or successor, promptly after assuming his or her office, shall in writing nominate a person, approved by the other trustees for the time being, to succeed the nominating trustee.   In case any person so nominated, when the time comes for assuming the office of trustee hereunder, shall have died or if living shall refuse or fail to assume the trusteeship, within twenty (20) days, then in either of said events the trustee or trustees for the time being shall by appropriate written instrument appoint a successor trustee or successor trustees.   No successor trustee shall be related either to my said wife or to me.

The word 'trustees' and pronouns relating thereto as used in this Will, shall be construed to mean the trustees active for the time being, whether those originally named herein or successor trustees."

All three trustees qualified and on July 12, 1950 J. Macy Kipp died without having nominated his successor.   By reason thereof two questions are presented:  (1) have the surviving trustees under the provisions of the Eleventh paragraph of the will the authority to appoint a successor to J. Macy Kipp as trustee? and (2) may the surviving trustees

administer the trusts without the appointment of a third trustee?

Neither defendant filed answer and a default was entered against them.

■■ The provisions of the Eleventh paragraph of the will give the surviving trustees authority to appoint a successor trustee only when a successor trustee who has been nominated dies before assuming the office or refuses or fails to assume the office within 20 days after the office becomes vacant. The will does not give the surviving trustees authority either express or implied to appoint, where a trustee dies without having nominated his successor.

*N. J. S.* 3A:6–52 provides:

"There shall be survivorship and succession between and among cofiduciaries and if there survives or remains at least 1 fiduciary qualified to act, no substituted fiduciary need be appointed to act in the place of any cofiduciary who may have died or may have been removed or discharged or otherwise disabled to act. The surviving fiduciary or cofiduciaries shall proceed with the duties of the office and shall be entitled to the property and assets, and to sue for and recover the same, and to sell and convey them, as if such remaining fiduciary or cofiduciaries had been solely appointed to such office."

The provisions of this statute are clear and explicit. Plaintiffs are instructed to proceed with the administration of the trust as surviving trustees.

Judgment accordingly.